375 Ark. 281

**Barbara DESCHNER, individually and as Court Appointed Guardian of Christopher Deschner, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INC. and Allstate Insurance Company, Inc., Appellees.**

No. 07–1159.

Supreme Court of Arkansas.

Dec. 19, 2008.

Parker Law Firm, by: Tim S. Parker, Eureka Springs, AR, for appellant.

Huckabay, Munson, Rowlett & Moore, P.A., by: Sarah E. Greenwood, Little Rock, AR, for appellee State Farm Mutual Automobile Insurance Company.

Benson & Wood, PLC, by: Brian Wood, Fayetteville, AR, and Meckler, Bulger & Tilson, LLP, by Peter J. Valeta, Chicago, IL, for appellee Allstate Insurance Company.

JIM GUNTER, Justice.

This appeal arises from two orders of the Carroll County Circuit Court granting summary judgment in favor of Appellees State Farm Mutual Automobile Insurance Company, Inc. (State Farm) and Allstate Insurance Company, Inc. (Allstate). Appellant Barbara Deschner (Deschner), individually and as the court appointed guardian of her son, Christopher Deschner, appeals both orders of the circuit court. We affirm.

On October 31, 2002, eleven-year old Christopher Deschner was shot in the eye by a paintball fired from a vehicle while he was trick-or-treating. The vehicle was driven by Keith Blane Neal. Derek Balance and Gene Jackson were passengers in the vehicle. Christopher Deschner sustained injuries to his eye, including loss of peripheral vision, a decrease in vision from 20/20 to 20/80 and migraine headaches associated with optic damage. Deschner filed suit against Neal, Jackson, and Balance in Carroll County Circuit Court alleging that they were liable for Christopher's injuries. *See Deschner v. Balance*, Carroll County (W.D.) No.2002–172.

The vehicle driven by Keith Neal was insured by an automobile insurance policy issued by State Farm. Neal's parents, Pamela and Gordon Neal (the Neals), were also insured by a homeowner's policy issued by Allstate. On August 7, 2006, State Farm filed a complaint for declaratory judgment, seeking a declaration of the rights and relations of the parties pursuant to the automobile insurance policy issued to the Neals. In its complaint, State Farm asserted that it did not provide liability coverage for the claims against Balance or Jackson because they were not "using the insured automobile." State Farm also contended that it did not provide liability coverage for the claims against Neal because the claims "do not seek damages because of 'bodily injury' caused by an 'accident resulting from the ownership, maintenance, or use of your car.'" The circuit court granted summary judgment in the declaratory-judgment action filed by State Farm.

On August 29, 2006, Deschner filed a third-party complaint against Allstate, alleging that Keith Neal was covered by the homeowner's insurance policy issued by Allstate to his parents. The third-party complaint stated, "[a]s a matter of law, the injuries suffered by Christopher Deschner did not arise out of the operation, maintenance, or use of an automobile as correctly decided by a previous order of this Court granting the motion for summary judgment filed by State Farm Mutual Automobile Insurance Company." Allstate answered the complaint, denying Deschner's allegations, and then filed a counterclaim and cross claim requesting declaratory judgment that the homeowner's policy did not cover any of the defendants.

State Farm and Allstate filed motions for summary judgment on February 20, 2007, and March 15, 2007, respectively. After hearings on both motions, the circuit court granted State Farm's motion for summary judgment on March 19, 2007, and granted Allstate's motion on May 11, 2007. Deschner filed a timely notice of appeal on May 31, 2007. On June 6, 2007, the circuit court entered a judgment against Balance, Neal, and Jackson, finding them jointly and severally liable for Christopher Deschner's injuries and awarding Deschner $100,000 on her negligence claims. Deschner's appeal of the orders granting summary judgment to

State Farm and Allstate was certified to us from the Arkansas Court of Appeals on October 28, 2008, because it involves an issue of substantial public interest and a significant issue needing clarification or development of the law pursuant to Ark. Sup.Ct. R. 1–2(b)(4) and (5)(2008).

On appeal, Deschner asserts that the circuit court erred in granting summary judgment in favor of Allstate. In the alternative, Deschner asserts that the circuit court erred in granting summary judgment in favor of State Farm.

 The law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *See Anglin v. Johnson Reg'l Med. Ctr.*, 375 Ark. 10, 289 S.W.3d 28 (2008). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *See id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *See id.* We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *See id.* Our review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties. *See id.*

 In the present case, the circuit court ruled that neither the State Farm automobile policy nor the Allstate homeowner's policy provided coverage for Christopher Deschner's injuries. Our law regarding the construction of insurance contracts is well settled. *McGrew v. Farm Bureau Mut. Ins. Co.*, 371 Ark. 567, 268 S.W.3d 890 (2007); *Elam v. First Unum Life Ins. Co.*, 346 Ark. 291, 57 S.W.3d 165 (2001). The language in an insurance policy is to be construed in its plain, ordinary, and popular sense. *Norris v. State Farm Fire & Cas. Co.*, 341 Ark. 360, 16 S.W.3d 242 (2000). If the language of the policy is unambiguous, we will give effect to the plain language of the policy without resorting to the rules of construction. *McGrew, supra; Elam, supra.* Once it is determined that coverage exists, it then must be determined whether the exclusionary language within the policy eliminates coverage. *McGrew, supra; Norris, supra.* Exclusionary endorsements must adhere to the general requirements that the insurance terms must be expressed in clear and unambiguous language. *McGrew, supra.* If a provision is unambiguous, and only one reasonable interpretation is possible, this court will give effect to the plain language of the policy without resorting to the rules of construction. *Id.* If, however, the policy language is ambiguous, and thus susceptible to more than one reasonable interpretation, we will construe the policy liberally in favor of the insured and strictly against the insurer. *Id.*

## I. State Farm Automobile Policy

We will first address the circuit court's order granting summary judgment in favor of State Farm. In its motion for summary judgment, State Farm argued that Deschner's claims were not covered by the State Farm automobile policy because the claims did not arise out of an accident resulting from the ownership, maintenance, or use of the car. The State Farm policy states, in pertinent part:

We will:

1. Pay damages which an insured becomes legally liable to pay because of:

 a. bodily injury to others, and

b. damage to or destruction of property including loss of its use,

caused by accident resulting from the ownership, maintenance or use of your car.

■ Deschner concedes in her response to Allstate's motion for summary judgment that the State Farm policy does not provide coverage by stating that "the shooting of Christopher Deschner was not a *proper* 'use' or 'occupancy' of the automobile at issue." Deschner even admits in her third-party complaint against Allstate that the State Farm policy does not provide coverage by stating, "[a]s a matter of law, the injuries suffered by Christopher Deschner did not arise out of the operation, maintenance, or use of an automobile as correctly decided by a previous order of this Court granting the motion for summary judgment filed by State Farm Mutual Automobile Insurance Company." Although Deschner now attempts to revive her argument against State Farm, the argument is inconsistent and not fully developed. Thus, because Deschner concedes that the State Farm policy does not provide coverage, she has abandoned this argument on appeal, and we need not address this issue.

## II. Allstate Homeowner's Policy

■ For her second point on appeal, Deschner asserts that "if Christopher Deschner's injuries would not be covered by the language of the automobile policy insuring Keith Blane Neal then they should be covered under the Neals' homeowner's policy with Allstate for the unintentional negligent conduct of its insured Keith Neal." Specifically, Deschner contends that Allstate contractually agreed that it would be obligated to pay damages up to the applicable policy limits for acts of negligence of Keith Neal that caused injury to Christopher Deschner.

In response, Allstate admits that Keith Neal was insured under the homeowner's policy issued to his parents, but asserts that there are no issues of material fact in this case. Allstate additionally argues that the homeowner's policy provides no coverage because (1) the paint-ball shooting was not a covered "occurrence"; (2) the homeowner's policy excludes coverage for injuries resulting from intentional acts of the insured person; and (3) Deschner's sole claim against Keith Neal is based on his "use" and "occupancy" of a motor vehicle.

Allstate's homeowner's policy states that it will provide coverage for the following:

Subject to the terms, conditions and limitations of this policy, Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy.

Allstate excludes the following from coverage:

1. We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:

a) such insured person lacks the mental capacity to govern his or her conduct;

b) such bodily injury or property damage is of a different kind or degree than intended or reasonably expected;

c) such bodily injury or property damage is sustained by a different person than intended or reasonably expected.

. . . .

5. We do not cover any bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or

unloading of any motor vehicle or trailer....

Deschner asserts that the exclusionary language in the Allstate policy is almost identical to the language included in the State Farm policy. The State Farm policy includes coverage for injuries arising out of the ownership, maintenance, and use of a vehicle, and the Allstate policy excludes coverage for injuries arising out of the ownership, maintenance, use, *or occupancy* of a vehicle. Regarding the provisions in the two policies, the circuit court stated:

> The State Farm policy says that we cover ownership, maintenance or use. Allstate says that we don't cover ownership, maintenance, use, occupancy or anything that involves that automobile we do not cover it and in this instance I think that the policy language is pretty definite. They say that if you want to be covered by automobile insurance you have got to buy an automobile policy.... So I think, unfortunately we have a situation here that neither the automobile policy nor the homeowners insurance would cover this.

> ....

> I know the terms of this policy because I think the terms of [Allstate's] policy are much broader than the [State Farm policy]. The [Allstate] policy pretty much says that if you have anything to do with an automobile it is not covered.

The provision in the Allstate policy excluding coverage for the "ownership, maintenance, use, or occupancy" of a vehicle is clear and unambiguous. There is no question of fact regarding Neal's occupancy of the vehicle. Christopher Deschner's injuries were the result of a paint ball fired from the Neals' car that was occupied by Keith Neal, Derek Balance and Gene Jackson. Giving effect to the plain language of the policy, see *McGrew, supra,* we hold

that Christopher Deschner's injuries are clearly excluded from coverage because they arise out of the occupancy of a vehicle. Accordingly, we affirm the orders of the circuit court granting summary judgment in favor of both State Farm and Allstate.

Affirmed.

IMBER, J., not participating.